FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 15 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

Mickey Jones
Homeless
Tempe, Arizona

Plaintiff, In Pro Per

In the United States District Court

In and for the District of the State of Arizona

| | |
|---|---|
| Mickey Jones - Plaintiff #1<br><br>Plaintiffs,<br><br>vs.<br><br>Safer Arizona - Defendant #1<br>David Stephen Wisniewski - Defendant #2<br>Michelle Westinfield - Defendant #3<br>Zachary Ocker - Defendant #4<br>Rain Baker - Defendant #5<br>Gregory Fox - Defendant #6<br>Eric Johnson - Defendant #7<br>Alex Gentry - Defendant #8<br>Patricia Pantel - Defendant #9<br>Catalina S Vargas - Defendant #10<br>Manuel Chavez III - Defendant #11<br>Tom Dean - Defendant #12<br>Robert W Clark - Defendant #13<br><br>Defendants | Case No.: CV-18-00520-PHX-SPL<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

COMES NOW the Plaintiff, Mickey Jones, and for his complaint alleges and avers as follows.

**I. JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon the Court under 17 U.S.C. § 1331 and 17 U.S.C. § 1983.

2. Venue is proper in this District Court as all but one of the Defendants are believed to reside within this district and all acts alleged occurred within this District

**II. PARTIES**

3. Plaintiff is Mickey Jones, a man who lives in Maricopa County

4. Defendant #1 is Safer Arizona, a DBA name for a political action group

5. Defendant #2 is Sergeant David Stephen Wisniewski, a man who lives in Maricopa County.

6. Defendant #3 is Michelle "Mushee" Westinfield, a woman who lives in Maricopa County.

7. Defendant #4 is Zachary Ocker, a man who lives in Maricopa County.

8. Defendant #5 is Rain Baker, a woman who lives in Maricopa County.

9. Defendant #6 is Gregory Fox, a man who lives in Maricopa County.

10. Defendant #7 is Eric Johnson, a man who lives in Maricopa County.

11. Defendant #8 is Alex Gentry, a man who lives in Maricopa County.

12. Defendant #9 is Patricia Pantel, a woman who lives in Maricopa County.

13. Defendant #10 is Catalina S Vargas, a woman who lives in Maricopa County.

14. Defendant #11 is Manuel Chavez III, a man who lives in Maricopa County.

15. Defendant #12 is Tom Dean, a man who lives in Maricopa County.

16. Defendant #13 is Robert W Clark, a man who lives in Pima County.

## III. GENERAL STATEMENT

17. The Plaintiff spent about 160 or so hours writing web based software to keep track of workers in the Safer Arizona group and track petitions and signatures collected for Safer Arizona.

18. If the Defendants went to a commercial firm it would not have been unreasonable for the firm to charge them $100 an hour for the software or $16,000. The Plaintiff suspects that it would have cost much more then that $16,000 if the Defendants were to hire commercial software firm to produce the software.

19. Per Federal software law in Title 17, the Plaintiff has 100% ownership of the software. None of the Defendants own the software or wrote the software.

20. The Plaintiff wrote the software for free was under the impression that the Safer Arizona initiative would call for pretty much 100% legalization of marijuana, with a few minor exceptions. These exceptions were an age limit, labeling requirements, testing requirements and a small sales tax.

21. The Plaintiff would have never agreed to write the software, if he had known Defendant #12, Tom Dean was going to turn the initiative into a "jobs program" for marijuana criminal defense attorneys, or a "jobs program" for lawyers who make money helping the legal medical marijuana cartel, turn itself into the legal recreational marijuana cartel.

22. The Plaintiff suspects that Defendant #2 and #11, Sergeant David Stephen Wisniewski and Manuel Chavez III conspired to steal the software which was worth at least $16,000 from the Plaintiff and use it after the Plaintiff was kicked off of the Safer Arizona board of directors and group.

23. When the Plaintiff was kicked off of the Safer Arizona board of directors, Defendant #2 lied and said he could continue his work as a webmaster. But the Plaintiff believes Defendant #2 ordered Defendant #11 to lock the Plaintiff out of the Safer Arizona website by changing the passwords.

24. The Plaintiff asked Defendant #11, to give him a password so he could delete the software the Plaintiff owned, and delete the SQL tables created and owned by the Plaintiff.

25. According to Facebook posts from Defendant #11, Defendant #2, ordered Defendant #11, not to let the Plaintiff back in.

26. From comments Defendant #11, made, the software may have been over his head and he probably was not able to get it working.

27. The Plaintiff suspects this software may have been moved to one of Stacy Theis's websites to keep the Plaintiff from finding it.

28. While the software was functionally working, it did need to have a routine written to edit any and all fields of the user data.

29. The Plaintiff would have been able to write that software in a week or so.

30. For somebody like Defendant #11 who had not designed the software it would have taken much longer. That is because Defendant #11 would have to reverse engineer the system and figure out how it worked, before writing the editing software.

31. After the Plaintiff was kicked out of Safer Arizona, Defendant #8, Alex Gentry asked some questions about the software, and even posted a picture of him using the software. That makes the Plaintiff think Safer Arizona was trying to get the software working and using the software.

32. Another person messaged the Plaintiff with a message that seemed to say Safer Arizona was trying to get the software working. And seemed concerned the Plaintiff may have put hooks in the software to monitor its use and/or disable it.

33. The Plaintiff isn't sure if the Defendants were successful at stealing the software from the Plaintiff.

34. Under Federal copyright law, it is illegal for the Defendants to use the software without permission and consent of the Plaintiff. The Plaintiff has never given Safer Arizona permission or consent to use the software. The Plaintiff thinks Title 17 of the USC is the copyright law.

## IV. FIRST CAUSE OF ACTION

**Illegal use of Plaintiffs Software**

35.The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 of this complaint as if fully set forth herein.

36. Per Federal law it is illegal for the Defendants to use or modify the Plaintiff's software without the consent of the Plaintiff.

37. The Defendants seemed to have wanted to steal the Plaintiff's software after kicking him out of Safer Arizona and use the Plaintiff's software without his permission.

38. By using the Plaintiff's software without the Plaintiff's consent the Defendants are violating Federal copyright law.

WHEREFORE the Plaintiffs respectfully requests that this Court:

A. Proceed with a trial by jury upon issues so triable; and,

B. If the Defendants tried to steal, use, or modify the Plaintiff's software order them to pay the cost of writing it; and

C. Order the Defendants not to use, sell or give away the software and SQL files; and

D. Allow the Plaintiff destroy the software and SQL files on all the Defendants websites; and

E. Award the Plaintiff's costs and fees incurred for the prosecution of this action;

F. Award such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 14_day of February, 2018

Mickey Jones
Homeless
Tempe, Arizona

Plaintiff, In Pro Per

**VERIFICATION**

I, Mickey Jones verify under penalty of perjury under the laws of the United States of America, that I am the Plaintiff herein, that I have read the foregoing Complaint, and that the same is true and correct that, based upon my knowledge, information, and belief, it is well-grounded as fact, is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose.

Dated February 14, 2018 FEB 14, 2018

Mickey Jones